**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THOMAS SHRIVER, ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> PARTNERSHIP HEALTHPLAN OF CALIFORNIA, <br><br> Defendant. | Case No.  4:22-cv-03719-YGR <br><br> **ORDER TO SHOW CAUSE RE: CAFA JURISDICTION** |

TO PLAINTIFFS AND PLAINTIFFS' COUNSEL OF RECORD:

YOU ARE HEREBY ORDERED TO SHOW CAUSE IN WRITING why this case should not be dismissed for plaintiffs' failure to establish that jurisdiction is proper pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2).

Relevant here, "CAFA vests federal courts with original diversity jurisdiction over class actions where (1) the aggregate amount in controversy exceeds $5,000,000; (2) any class member is a citizen of a state different from any defendant; and (3) there are at least 100 class members." *Brinkley v. Monterey Fin. Servs., Inc.*, 873 F.3d 1118, 1121 (9th Cir. 2017) (citation omitted). Nevertheless, "Congress provided exceptions to CAFA jurisdiction," including the so-called "local controversy exception" and the mandatory "home state exception[.]" *Adams v. West Marine Products, Inc.*, 958 F.3d 1216, 1220 (9th Cir. 2020).

With respect to the local controversy exception, courts "shall decline to exercise jurisdiction" when, "greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed[,]" 28 U.S.C. § 1332(d)(4)(A), "the principal injuries occurred in that same state, and at least one significant defendant is a citizen of that state." *Adams*, 958 F.3d at 1220 (citing 28 U.S.C. § 1332(d)(4)(A)). As to the mandatory home state exception, district courts "shall decline to exercise jurisdiction" when "two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and

the primary defendants, are citizens of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(B); *Adams*, 958 F.3d at 1220.

The complaint alleges that the named plaintiffs and defendant are citizens of California. It further defines the class as "[a]ll individuals residing in the United States whose PII was actually or potentially compromised during the data event PHC identified on or about March 19, 2022." (Compl. ¶ 118.) Approximately 854,913 were impacted by the alleged data breach in the complaint concerning the administration of Medi-Cal benefits. (*Id*. ¶¶ 2-3.) Given the citizenship of the named parties combined with the fact that Medi-Cal is a California health care program, the Court is concerned the local controversy exception and/or the mandatory home state exception may be a jurisdictional bar to CAFA jurisdiction.

Accordingly, it is **HEREBY ORDERED** that:

1. **By no later than November 30, 2022**, plaintiffs respond in writing explaining why this case should not be dismissed for lack of jurisdiction. Failure to respond to this order by the deadline set forth above will be construed as a concession that dismissal is appropriate.
2. Defendant may file an optional response to plaintiffs' response by December 5, 2022.
3. Alternatively, the parties may file a joint stipulation of voluntary dismissal.

**IT IS SO ORDERED.**

Dated: November 14, 2022

YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT JUDGE